# HENDERSON vs. ADAMS.

[DETINUE FOR SLAVES.]

1. *Conflict of laws as to construction and validity of contract.*—The construction, interpretation and validity of a parol gift of slaves, made in Georgia, where the donor then resided, and where the slaves then were, are to be determined by the laws of that State, although the donees then resided in Alabama.

2. *Validity of parol gift of slaves.*—Under the decisions of the supreme court of Georgia, as proved in this case, a remainder in slaves cannot be created by parol gift in that State.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. NAT. COOK.

This action was brought by the appellants, who are the children of John T. and Lucinda Henderson, against Samuel Adams, to recover certain slaves, which the plaintiffs claimed, as remainder-men, under a parol gift from one Shadrach McMichael, who was the father of Mrs. Lucinda Henderson; and of which the defendant held possession as the administrator of said John T. Henderson, the husband of Mrs. Lucinda Henderson. It appeared from the evidence adduced on the trial, all of which is set out in the bill of exceptions, that in 1852, while Mr. and Mrs. Henderson, who then resided in this State, were on a visit to said McMichael, in Jasper county, Georgia, where he then resided, the latter called up certain slaves, who, with their increase, are the subject of this controversy, and said to Mrs. Henderson, in the presence of her husband, " I give you these negroes for your life, and at your death to your children, except Louisa, who is to go to Shadrach Henderson ;" that the slaves were shortly afterwards brought to this State by Mr. and Mrs. Henderson on their return, and continued in their possession until the death of said John T. Henderson, which occurred a short time before the commencement of this suit, and then passed into the possession of the defendant as his administrator; and that the plaintiffs were all in life, and resided in this State, at the time said gift was made. The defendant read as evidence three decisions of the supreme court of Georgia, viz., *Kirkpatrick v. Davidson*, (2 Kelly, 297,) *Maxwell v. Harrison*, (8 Geo. 61,) and *Yarborough v. West*, (10 Geo. 471 ;) and it was agreed, that the published reports of these decisions should be considered as part of the bill of exceptions. There is also an agreement of counsel in this court, to the effect that any other Georgia decisions may be considered as evidence, " as though they had been set forth in the bill of exceptions." The court below charged the jury, " that the parol remainder to the plaintiffs was void, and the plaintiffs thereby acquired no title ;" to which charge the plaintiffs excepted, and which they now assign as error

Walker v. Wilkinson.

WATTS, JUDGE & JACKSON, for appellants.

ADAMS & HERBERT, *contra.*

R. W. WALKER, J.—Not only was the contract under which the plaintiffs claimed the slaves made in Georgia, but the donor had his domicile there, and the property which was the subject of the gift was at the time in that State. It was no part of the *contract* that the slaves should be brought to this State and held here by the donees. There can be no doubt, therefore, that the construction, interpretation and validity of the contract, are to be governed by the law of the place where it was made.—Peake v. Yeldell, 17 Ala. 636 ; Turner v. Fenner, 19 Ala. 362 ; Evans v. Kittrell, 33 Ala. 452.

[2.] The decisions of the supreme court of Georgia, which are made part of the evidence in the case, satisfy us that, no matter what may be the law elsewhere, a remainder in slaves cannot be created by parol in that State. See Kirkpatrick v. Davidson, 2 Kelly, 297 ; Yarborough v. West, 10 Geo. 471 ; Booth v. Terrell, 16 Geo. 23 ; Booth v. Terrell, 18 Geo. 570. As these decisions furnish the rule by which the validity of the title set up by the plaintiffs is to be tested, it results, that the court did not err, in instructing the jury that the parol remainder, as proved on the trial, was void ; and that if they believed the evidence, they must find for the defendant.—Inge v. Murphy, 10 Ala. 885.

Judgment affirmed.